IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

LUCIANO RAMIREZ-SALAZAR,

       Plaintiff,             No. 2: 12-cv-0764 KJN P

     vs.

DAVID DERKSEN,

       Defendant.       <u>ORDER</u>

_____/

       Plaintiff is a federal prisoner proceeding without counsel.  Plaintiff seeks relief pursuant to 42 U.S.C. § 1983, and has requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915.  This proceeding was referred to this court pursuant to 28 U.S.C. § 636(b)(1) and Local Rule 302.

       Plaintiff has submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a).  Accordingly, the request to proceed in forma pauperis will be granted.

       Plaintiff is required to pay the statutory filing fee of $350.00 for this action.  28 U.S.C. §§ 1914(a), 1915(b)(1).  By this order, plaintiff will be assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1).  By separate order, the court will direct the appropriate agency to collect the initial partial filing fee from plaintiff's prison trust account and forward it to the Clerk of the Court.  Thereafter, plaintiff will be obligated to

1

make monthly payments of twenty percent of the preceding month's income credited to plaintiff's prison trust account.  These payments will be forwarded by the appropriate agency to the Clerk of the Court each time the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full.  28 U.S.C. § 1915(b)(2).

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984).  The court may, therefore, dismiss a claim as frivolous when it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke, 490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis.  See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989), superseded by statute as stated in Lopez v. Smith, 203 F.3d 1122, 1130-31 (9th Cir. 2000) ("a judge may dismiss [in forma pauperis] claims which are based on indisputably meritless legal theories or whose factual contentions are clearly baseless."); Franklin, 745 F.2d at 1227.

Rule 8(a)(2) of the Federal Rules of Civil Procedure "requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'"  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)).  In order to survive dismissal for failure to state a claim, a complaint must contain more than "a formulaic recitation of the elements of a cause of action;" it must contain factual

1    allegations sufficient "to raise a right to relief above the speculative level." Id.  However,

2    "[s]pecific facts are not necessary; the statement [of facts] need only 'give the defendant fair

3    notice of what the . . . claim is and the grounds upon which it rests.'"  Erickson v. Pardus, 551

4    U.S. 89, 93 (2007) (quoting Bell Atlantic Corp., 550 U.S. at 555) (citations and internal

5    quotations marks omitted).  In reviewing a complaint under this standard, the court must accept

6    as true the allegations of the complaint in question,  id., and construe the pleading in the light

7    most favorable to the plaintiff.  Scheuer v. Rhodes, 416 U.S. 232, 236 (1974).

8           The only named defendant is David Derksen, a Narcotics Agent who plaintiff

9    alleges is employed by the State of California and San Joaquin County.  Plaintiff alleges that

10   defendant Derksen filed an affidavit with the San Joaquin County Superior Court falsely stating

11   that plaintiff was selling crack cocaine to a confidential informant.  Plaintiff alleges that as a

12   result of this false affidavit, he was arrested without probable cause and later wrongfully

13   convicted in federal court.  As relief, plaintiff seeks a jury trial and dismissal of the criminal

14   charges.

15          A federal prisoner who wishes to challenge the validity or constitutionality of his

16   conviction or sentence must do so by way of a motion to vacate, set aside or correct his sentence

17   pursuant to 28 U.S.C. § 2255.  Tripati v. Henman, 843 F.2d 1160, 1162 (9th Cir. 1988).  In a

18   civil rights action, the court is not authorized to review the validity of plaintiff's conviction.

19   Rather, claims challenging the validity of plaintiff's conviction must be brought in a motion

20   pursuant to 28 U.S.C. § 2255.  Accordingly, plaintiff's claims seeking dismissal of the criminal

21   charges are dismissed as the court is not authorized to order such relief in a civil rights action.

22          Although not entirely clear, it appears that plaintiff may be seeking money

23   damages against defendant Derksen.  Plaintiff's claims for money damages against defendant

24   Derksen implicating the validity of plaintiff's criminal conviction are barred by the doctrine set

25   forth in Heck v. Humphrey, 512 U.S. 477, 486-87 (1994).  In Heck, the United States Supreme

26   Court held that "in order to recover damages for an allegedly unconstitutional conviction or

3

1  imprisonment, or for other harm caused by actions whose unlawfulness would render a

2  conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has

3  been reversed on direct appeal," or otherwise declared invalid, called into question by the

4  issuance of a habeas writ, or expunged.  Heck, 512 U.S. at 486-87.  Heck applies with equal

5  force to federal convictions.  See Martin v. Sias, 88 F.3d 774, 775 (9th Cir. 1996).

6          Although it is unlikely that plaintiff can cure the pleading defects discussed above,

7  plaintiff's complaint is dismissed with leave to amend.   If plaintiff chooses to amend the

8  complaint, plaintiff must demonstrate how the conditions about which he complains resulted in a

9  deprivation of plaintiff's constitutional rights.  Rizzo v. Goode, 423 U.S. 362, 371 (1976).  Also,

10 the complaint must allege in specific terms how each named defendant is involved.  Id.  There

11 can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection

12 between a defendant's actions and the claimed deprivation.  Id.; May v. Enomoto, 633 F.2d 164,

13 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).  Furthermore, vague

14 and conclusory allegations of official participation in civil rights violations are not sufficient.

15 Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

16         In addition, plaintiff is hereby informed that the court cannot refer to a prior

17 pleading in order to make plaintiff's amended complaint complete.  Local Rule 220 requires that

18 an amended complaint be complete in itself without reference to any prior pleading.  This

19 requirement exists because, as a general rule, an amended complaint supersedes the original

20 complaint.  See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967).  Once plaintiff files an amended

21 complaint, the original pleading no longer serves any function in the case.  Therefore, in an

22 amended complaint, as in an original complaint, each claim and the involvement of each

23 defendant must be sufficiently alleged.

24         In accordance with the above, IT IS HEREBY ORDERED that:

25         1.  Plaintiff's request for leave to proceed in forma pauperis is granted.

26         2.  Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action.

4

1   Plaintiff is assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C.

2   § 1915(b)(1).  All fees shall be collected and paid in accordance with this court's order to the

3   Warden of the Federal Correctional Institution filed concurrently herewith.

4          3.  Plaintiff's complaint is dismissed.

5          4.  Within thirty days from the date of this order, plaintiff shall complete the

6   attached Notice of Amendment and submit the following documents to the court:

7            a.  The completed Notice of Amendment; and

8            b.  An original and one copy of the Amended Complaint.

9   Plaintiff's amended complaint shall comply with the requirements of the Civil Rights Act, the

10  Federal Rules of Civil Procedure, and the Local Rules of Practice.  The amended complaint must

11  also bear the docket number assigned to this case and must be labeled "Amended Complaint."

12  Failure to file an amended complaint in accordance with this order may result in the dismissal of

13  this action.

14  DATED:  April 10, 2012

15

16  _____
    KENDALL J. NEWMAN

17  UNITED STATES MAGISTRATE JUDGE

18  ram764.14

19

20

21

22

23

24

25

26

5

1

2

3

4

5

6

7

8               IN THE UNITED STATES DISTRICT COURT

9             FOR THE EASTERN DISTRICT OF CALIFORNIA

10   LUCIANO RAMIREZ-SALAZAR,

11            Plaintiff,                    No. 2: 12-cv-0764 KJN P

12      vs.

13   DAVID DERKSEN,                         NOTICE OF AMENDMENT

14            Defendants.

15   _____/

16            Plaintiff hereby submits the following document in compliance with the court's

17   order filed _____:

18            _____        Amended Complaint

19   DATED:

20

21                                          _____

22                                          Plaintiff

23

24

25

26