IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

LUCIANO RAMIREZ-SALAZAR,

    Plaintiff,                    No. 2: 12-cv-0764 KJN P

    vs.

DAVID DERKSEN,

    Defendant.              <u>ORDER</u>

                             /

       Plaintiff is a federal prisoner, proceeding without counsel, with a civil rights action pursuant to 42 U.S.C. § 1983. On April 9, 2012, plaintiff consented to the jurisdiction of the undersigned. For the following reasons, this action is dismissed.

       On April 11, 2012, the undersigned dismissed the original complaint with leave to amend. Pending before the court is plaintiff's second amended complaint filed April 30, 2012.

       The only named defendant in the original complaint was David Derksen, a Narcotics Agent whom plaintiff alleged was employed by the State of California and San Joaquin County. Plaintiff alleged that defendant Derksen filed an affidavit with the San Joaquin County Superior Court falsely stating that plaintiff was selling crack cocaine to a confidential informant. Plaintiff alleged that as a result of this false affidavit, he was arrested without probable cause and later wrongfully convicted in federal court. As relief, plaintiff sought a jury trial and dismissal of

1

the criminal charges.

The undersigned dismissed the original complaint for the following reasons. First, a federal prisoner who wishes to challenge the validity or constitutionality of their conviction or sentence must do so by way of a motion to vacate, set aside or correct their sentence pursuant to 28 U.S.C. § 2255.  Tripati v. Henman, 843 F.2d 1160, 1162 (9th Cir. 1988). In the April 11, 2012 order, the undersigned stated that the court was not authorized to review the validity of plaintiff's conviction, and that claims challenging the validity of plaintiff's conviction must be brought in a motion pursuant to 28 U.S.C. § 2255.  For this reason, plaintiff's claims seeking dismissal of the criminal charges were dismissed because the court was not authorized to order such relief in a civil rights action.

In the April 11, 2012 order, the undersigned found that plaintiff's claims for money damages against defendant Derksen implicated the validity of plaintiff's criminal conviction and were thus barred by the doctrine set forth in Heck v. Humphrey, 512 U.S. 477, 486-87 (1994).  In Heck, the United States Supreme Court held that "in order to recover damages for an allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal," or otherwise declared invalid, called into question by the issuance of a habeas writ, or expunged.  Heck, 512 U.S. at 486-87. Heck applies with equal force to federal convictions.  See Martin v. Sias, 88 F.3d 774, 775 (9th Cir. 1996).

Although the undersigned found it unlikely that plaintiff could cure the pleading defects discussed above, plaintiff was granted leave to amend.

Named as defendants in the second amended complaint are San Joaquin County Narcotics Officers Derksen, Oules, Fielder, Faine, Fontes and Chaban.  Plaintiff alleges that on October 31,1997, defendants arrested plaintiff for violating California narcotics and gun laws. Plaintiff alleges that this arrest was based on a false affidavit prepared by defendant Derksen.

Plaintiff alleges that on November 3, 2007, the criminal charges were dismissed by San Joaquin County Superior Court Judge Sandra Smith. In the second amended complaint, plaintiff seeks money damages.

Plaintiff's allegations regarding his criminal prosecution changed substantially between the original and second amended complaint. As noted above, in the original complaint plaintiff alleged that he was prosecuted and convicted in federal court based on the allegedly false affidavit. In the second amended complaint, plaintiff suggests that he was prosecuted in state court and all charges were dismissed.

The undersigned has located an unpublished Ninth Circuit case addressing plaintiff's federal criminal conviction, United States v. Luciano Ramirez-Salazar, 2000 WL 890720 (9th Cir. 2000). In this opinion, the Ninth Circuit states that on October 31,1997, a police narcotics team executed a search warrant in Stockton, California. 2000 WL 890720 at * 1. Following execution of the search warrant, plaintiff was arrested. Id.

Following a jury trial, plaintiff was found guilty of possession of cocaine with intent to distribute, illegal alien in possession of a firearm and deported alien found in the United States. Id. Following trial, the district court granted defense counsel's motion for judgment of acquittal as to plaintiff's conviction for illegal alien in possession of a firearm. Id. The Ninth Circuit affirmed plaintiff's conviction. Id. at 3.

"Where allegations in an amended complaint contradict those in a prior complaint, a district court need not accept the new alleged facts as true, and may, in fact, strike the changed allegations as 'false and sham.'" Azadpour v. Sun Microsystems, Inc., 2007 WL 2141079 at *2 n. 2 (N.D.Cal. 2007). Plaintiff's allegations in the second amended complaint that all criminal charges were dismissed in state court contradicts the allegations in the original complaint that he was convicted in federal court based on the allegedly false criminal affidavit. Plaintiff is clearly attempting to avoid the Heck bar by changing his allegations. For this reason, the undersigned finds the allegation in the second amended complaint that all criminal charges were dismissed to

be false.

Because the record clearly demonstrates that plaintiff is challenging the validity of his criminal conviction, for the reasons discussed above this action is barred by Heck.

Accordingly, IT IS HEREBY ORDERED that this action is dismissed.

DATED: May 30, 2012

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

ram764.dis